IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN M. BYAM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL P. GORDON | : | NO. 12-4257 AUG -6 2012 |

## MEMORANDUM

ROBRENO, J.                                            AUGUST   , 2012

Maureen M. Byam, a prisoner incarcerated at the State Correctional Institution at Cambridge Springs, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against Michael P. Gordon of the Montgomery County Adult Probation and Parole Department. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **FACTS**

Plaintiff contends that, on November 20, 2009, she reported to the probation office per the instructions of her probation officer, defendant Gordon, and was assaulted by eight to ten probation officers. She claims that she "was threatened with broken bones, thrown to the carpeted floor, hog tied and dragged into a dungon [sic]; without any legally justifiable probable cause to date." (Compl. ¶ II.D.) She also claims that Gordon "ordered [her] detainment because [she] utilized the . . . court house library on a daily basis; because [she] procured an application to carry a fire arm; [and] because he thought [she]

1

ENTERED
AUG 6 2012
CLERK OF COURT

was not addressing [her] mental health issues." (Id.) The publicly available docket from plaintiff's criminal proceeding in the Montgomery County Court of Common Pleas, CP-46-CR-0000080-2010, reflects that plaintiff was arrested on November 20, 2009, charged with various offenses, and ultimately convicted. As plaintiff was on probation at the time, she was also charged with violating her probation. See CP-46-CR-0002088-2006 & CP-46-CR-0004010-2008.

Plaintiff also contends that she was assaulted and treated inhumanely while incarcerated in Montgomery County, while incarcerated at the State Correctional Institution at Muncy, and while undergoing an evaluation at the Norristown State Hospital. Plaintiff apparently believes that Gordon is responsible for that mistreatment because she would not have been detained but for his actions. She seeks an evidentiary hearing to establish a "true and accurate [h]istory of the plaintiff" and to establish that "all of the plaintiff's act's [sic] criminalized shall be revealed as within the bounds of the law's [sic] and rules that purport to secure the peace and dignity of the Commonwealth." (Compl. ¶ V.) Attachments to the complaint confirm that, through this hearing, plaintiff seeks to relitigate proceedings that took place in state criminal court and to challenge her current confinement.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28

U.S.C. § 1915(a). As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If an affirmative defense such as the statute of limitations is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

## III. DISCUSSION

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the

3

plaintiff knew or should have known of the injury upon which [her] action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Furthermore, pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Terrell v. Benfer, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

Here, plaintiff's assault-related claims accrued on the day that the assault occurred, November 20, 2009. See Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011) (per curiam) ("The alleged assault of which Singleton complains occurred on March 3, 2006. Because there is no doubt that Singleton was immediately aware of his injury, his § 1983 claim accrued on the same day."). However, she did not deliver her complaint to prison authorities for mailing until July 16, 2012, almost eight months after the two-year statute of limitations expired. (Compl. at 8.) Accordingly, plaintiff's claims related to the November 20, 2009 assault are time-barred.[1]

Furthermore, to the extent that plaintiff seeks to challenge the constitutionality of her incarceration, she must do so by filing a petition for a writ of habeas corpus after exhausting

---

[1] The same is true for any false arrest or false imprisonment claims that plaintiff sought to bring against Gordon for detaining her on November 20, 2009, as plaintiff's criminal docket reflects that she was charged on January 8, 2010. See Wallace, 549 U.S. at 389-90.

4

her state remedies. She may not circumvent the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA), see 28 U.S.C. § 2254(e), by filing a § 1983 action seeking a hearing to attack her imprisonment. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting Preiser v. Rodreiguez, 411 U.S. 475, 489 (1973)).

Finally, to the extent that she was assaulted or otherwise mistreated during her incarceration and/or commitment, plaintiff is improperly suing Gordon. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted). The complaint provides no basis for concluding that Gordon had anything to do with the way plaintiff was treated once she was incarcerated. To the contrary, it appears that she seeks to hold Gordon responsible for the allegedly inhumane treatment she suffered while incarcerated at various institutions because he was the cause of her incarceration in the first place. That is an inappropriate basis for a § 1983 claim against Gordon.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the deficiencies in her complaint. Accordingly, she will not be permitted to file an amended

5

complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.